# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-11226
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 9, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

OSCAR JAVIER SALINAS,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:14-CR-131-1

Before BARKSDALE, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

Oscar Javier Salinas pleaded guilty to possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). After determining Salinas' advisory sentencing range under the Sentencing Guidelines was 135 to 168 months' imprisonment, the district court sentenced him to, *inter alia*, 135 months' imprisonment. Salinas challenges the substantive reasonableness of that sentence, contending: Guideline § 2G2.2, pertaining to child pornography,

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

lacks an empirical basis; and, the court failed to consider mitigating factors in support of a downward departure or variance.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the advisory Guidelines-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007).  In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).  As noted, Salinas does not claim procedural error; he maintains his sentence is substantively unreasonable.

His claim that Guideline § 2G2.2 lacks an empirical basis, and, therefore, fails to distinguish between the least culpable and most culpable defendants, is foreclosed by our precedent. *E.g.*, *United States v. Miller*, 665 F.3d 114, 121–22 (5th Cir. 2011).

In maintaining his sentence is substantively unreasonable in the light of mitigating evidence he presented to the district court, Salinas contends he deserved a lesser sentence due to:  his lack of a prior criminal history; the fact that he never attempted to make physical contact with a minor; his education and employment history; his desire to seek treatment; the lack of a market effect from his actions; and, his acceptance of responsibility.  The court considered Salinas' assertions in support of a downward departure or variance, as well as the 18 U.S.C. § 3553(a) sentencing factors, and concluded a sentence at the bottom of the applicable Guidelines sentencing range was appropriate. Salinas' contentions amount to a mere disagreement with the weighing of the § 3553(a) factors, and do not rebut the presumption of reasonableness that

applies to his within-Guidelines sentence. *See United States v. Rashad*, 687 F.3d 637, 644 (5th Cir. 2012); *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

AFFIRMED.